IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jeremy Williams, | ) | C/A NO.  3:10-862-CMC |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Deputy B.E. Sims, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for summary judgment.  ECF No. 33.

Plaintiff has responded, and this matter is ripe for resolution.   For the reasons noted below,

Defendant's motion for summary judgment is granted, and Plaintiff's federal claims are dismissed

with prejudice.  The court declines to exercise supplemental jurisdiction over Plaintiff's state law

causes of action and they are, accordingly, dismissed without prejudice.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  It is well established that summary judgment should be granted "only when it is clear that

there is no dispute concerning either the facts of the controversy or the inferences to be drawn from

those facts."  *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine

issue of material fact, and the court must view the evidence before it and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369

U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

(1)    A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A)    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or

> (b)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the

building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment

motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## II. DISMISSAL UNDER FRCIVP 4(M)

In this motion for summary judgment, Defendant has moved to dismiss this matter pursuant

to Federal Rule of Civil Procedure 4(m).  However, Defendant neither moved to dismiss this matter

under Federal Rule 12(b)(5) prior to filing an answer, nor did he include this defense in his answer.

Accordingly, the court declines to dismiss this matter pursuant to Rule 4(m).

## III. CLAIMS TO BE DISMISSED

### A. OFFICIAL CAPACITY CLAIMS

The complaint maintains that at the time of the events giving rise to this suit, Defendant was "acting in his individual as well as official capacity as an officer of the law . . . ."  Compl. at ¶ 4 (ECF No. 1).

The Eleventh Amendment bars suits in federal courts for money damages against an "unconsenting State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  This immunity extends to "arm[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1974), including state agencies and state officers acting in their official capacity.  *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).  The individually-named Defendant is a deputy sheriff.  A sheriff in South Carolina is an "arm of the state." *See Gulledge v. Smart*, 691 F.Supp. 947 (D.S.C. 1988) (holding that South Carolina sheriffs are state officials for Eleventh Amendment purposes), *aff'd mem.*, 878 F.2d 379 (4th Cir. 1989).  Therefore, to the extent sued in this "official capacity," Defendant, as employee of the Sheriff, is immune from suit in this court as he is treated as an "arm[ ] of the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).  However, Plaintiff seeks damages from Defendant in his individual capacity.  To the extent sued in his individual capacity, Defendant is not immune from suit.

### B. Non-Fourth Amendment Federal Constitutional Claims

Plaintiff's complaint "is far from a model of clarity, rendering enigmatic an identification of 'the specific constitutional right allegedly infringed by the challenged [conduct].'" *Taylor v. Waters*, 81 F.3d 429, 433 (4th Cir. 1996) (quoting *Graham v. Conner*, 490 U.S. 386, 394 (1989)). *See also Cook v. Howard*,     F. App'x   , 2012 WL _____ at * (4th Cir. Aug. 24, 2012) (noting as to the plaintiff's complaint and reply brief that to say that they "are poorly drafted is to be generous.").  The complaint contains claims related to alleged violations of his Fourth and Fourteenth Amendment

rights. *See* Compl. at 2 (Plaintiff argues a "[v]iolation of Fourth Amendment Due Process"). However, the only viable claims in this matter relate to Plaintiff's Fourth Amendment rights. Accordingly, to the extent asserted, the court **grants** Defendant's motion for summary judgment on all federal claims other than claims arising under the Fourth Amendment, which are considered below.

## IV. DISCUSSION

### A. FACTS

Taken in the light most favorable to Plaintiff, the facts are as follows. Sometime between February 1 and February 4, 2008, a burglary occurred at Batesburg-Leesville High School ("BLHS"). Fifteen (15) laptop computers were stolen, and the school was vandalized.

On April 20, 2008, another burglary occurred at the BLHS. Among the items stolen were thirty-six (36) laptop computers and a 42" plasma screen television.

At the time of the incidents giving rise to this lawsuit, Defendant was a Deputy Sheriff of Lexington County, working as a Detective in the Property Crimes Division. Defendant was not directly involved in investigating the February break-in at the BLHS, but was involved in the investigation of the April burglary and, as a result of this involvement, gathered information relating to the February break-in as well.

"[N]umerous suspects emerged" as potential perpetrators of the burglaries based on tips from students and calls to the "Crimestoppers" hotline. Aff. of Brett E. Sims (hereinafter "Sims Aff.") at ¶¶ 7, 15 (ECF No. 33-2). Defendant avers that "Plaintiff . . . began emerging as the prime suspect[ ] after receiving a written statement from a female tipster." *Id*. at ¶ 16. This statement was provided

April 23, 2008. *Id*. at ¶ 18. This individual implicated Plaintiff in both the February and April burglaries.

On May 5, 2008, another individual came forward and provided a written statement regarding the burglaries and Plaintiff's alleged involvement in both.

Based on "the information available, culminating in the information provided by [the second individual], which included her overhearing confessions from [the other primary suspect] and the Plaintiff as well as seeing some of the stolen property in their possession," *Id*. at ¶ 25, Defendant prepared and presented warrants for Plaintiff's arrest to Lexington County Magistrate Thomas Rawl, who issued the warrants May 5, 2008.

On May 6, 2008, the Lexington County Sheriff's Department (LCSD) issued a press release indicating that arrest warrants had been issued for Plaintiff's arrest for two counts of second-degree burglary, two counts of grand larceny, and two counts of criminal conspiracy. ECF No. 33-4 at1. The "News Release was not issued by [Defendant], nor does that News Release quote [Defendant]." Sims Aff. at ¶ 26.

Plaintiff was arrested on May 6, 2008. On May 7, 2008, the LCSD issued another press release noting Plaintiff's arrest and that he was being detained at the Lexington County Detention Center on $230,000 bond. ECF No. 33-4 at 3. This second "News Release was not issued by [Defendant], nor does that News Release quote [Defendant]." Sims Aff. at ¶ 28.

On August 20, 2008, Assistant Solicitor Christopher Samellas sent certified copies of the arrest warrants back to Captain Darren Amick of the LCSD with the following notation: "Deputy Solicitor Rick Hubbard and I reviewed the case file and discussed the case. Based on our review and discussion, this matter is being returned to your office for further investigation." ECF No. 33-6 at 1. The notice accompanying the returned warrants indicated that the cases were being removed from

the pending case list "until an investigation to support a prosecution is completed, and the case is accepted for prosecution by the Solicitor's Office." ECF No. 33-6 at 2.

On October 8, 2008, the charges were dismissed by the Solicitor without prejudice.

### B. FOURTH AMENDMENT

Plaintiff claims Defendant violated his Fourth Amendment rights when Plaintiff was "imprison[ed] and prosecute[d] . . . maliciously and without probable cause." Compl. at ¶ 14. *See also id*. at ¶ 18 (Plaintiff was "arrested and imprisoned without probable cause.").

The Fourth Amendment requires that no warrant shall issue without probable cause. Probable cause means that, in light of the totality of the circumstances, an officer investigating a crime believes there to be a fair probability that the individual sought committed a crime. An arrest warrant is issued not on the officer's finding of probable cause, but rather by a magistrate after a neutral and detached determination of the existence of probable cause. *See Johnson v. United States*, 333 U.S. 10, 13-14 (1948) ("The point of the Fourth Amendment . . . consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.").

To the extent Plaintiff's complaint can be read to assert a claim of malicious prosecution under § 1983, a § 1983 claim for malicious prosecution incorporates the common law elements of that same cause. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). That does not mean, however, that Plaintiff must satisfy the specific elements of a South Carolina state cause of action for malicious prosecution. A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. *See id*; *Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000). To say

6

that a § 1983 claim incorporates the common law elements is to simply require "that the defendant

have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that

the criminal proceedings [have] terminated in [plaintiff's] favor.'" *Burrell*, 395 F.3d at 514 (quoting

*Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996)). In fact, other more specific

elements, such as malice, have been expressly rejected as not a part of the showing necessary to

establish a § 1983 malicious prosecution claim. *See Lambert*, 223 F.3d at 262 n.2 (quoting *Brooks*,

85 F.3d at 184 n.5) ("We found, for instance, that malice was not an element of the § 1983 claim

since the reasonableness of a seizure under Fourth Amendment jurisprudence 'should be analyzed

from an objective perspective.'"). The Fourth Circuit has emphasized that "although we styled the

claim as a § 1983 malicious prosecution claim and incorporated common law elements, we did not

treat the claim as separate and distinct from the appellant's constitutional allegations." *Id*. at 261-62.

Rather, "the foundation for [a malicious prosecution] claim was 'a seizure that was violative of the

Fourth Amendment.'" *Id*. at 262. Courts should then consider the "common law elements of

damages, prerequisites for recovery, and immunities." *Id*.

Accordingly, Plaintiff must make a showing of a lack of probable cause for the issuance of

the warrants for his arrest. To successfully challenge the probable cause statement in a warrant, the

party challenging the warrant must "make a substantial preliminary showing that a false statement

knowingly or intentionally, or with reckless disregard of the truth, was included by the affiant in the

warrant affidavit." *Franks v. Delaware*, 438 U.S. 154, 156 (1978). In the alternative, the party must

show that the affiant omitted from the affidavit "material facts with the intent to make, or with

reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince*

3:10-cv-00862-CMC    Date Filed 09/20/12    Entry Number 40    Page 8 of 10

*George's County, Md.*, 475 F.3d 621, 627 (4th Cir. 2007) (quoting *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990)).

"There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Franks*, 438 U.S. at 171. "Reckless disregard" can be established by evidence that an officer acted "with a high degree of awareness of [a statement's] probable falsity," that is, "when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (internal quotation marks omitted).

In the instant case, Plaintiff avers Defendant "falsely, maliciously, and with ulterior motive swore out arrest warrants," and that the warrants "made conclusionary [sic] allegations and accusations concerning me and omitted to [sic] set out any facts that would allow the magistrate to make an independent determination as to my involvement in the offenses. The affidavits are false." Aff. of Jeremy Williams, ECF No. 38-1.

As noted above, Defendant attests that he sought the warrants "[a]fter receiving credible information that indicated Plaintiff had admitted to the crimes, and that indicated the Plaintiff was in possession of at least some of the stolen property . . . ." Sims Aff. at ¶ 35. Attached to Defendant's summary judgment motion are copies of the statements given by the informants implicating Plaintiff in the break-ins.

Plaintiff provides no offer of proof, other than his conclusory assertion that the "affidavits are false" which meets the *Franks* requirement noted above. Plaintiff makes no showing that Defendant "entertained serious doubts as to the truth of his statements or had obvious reasons to

8

doubt the accuracy of the information he reported." *Wilson*, *supra*, 212 F.3d at 788. Nor has

Plaintiff shown that Defendant omitted from the affidavits "material facts with the intent to make,

or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller*, *supra*,

475 F.3d at 627. Accordingly, Plaintiff has failed to show that Defendant lacked probable cause to

seek the issuance of the arrest warrants, and his Fourth Amendment claim fails.

Even assuming, for purposes of this motion, that probable cause was somehow lacking in the

warrant affidavits, the warrants were dismissed without prejudice because "no additional information

could be secured through our investigation" to implicate Plaintiff. Sims Aff. at ¶ 33. A dismissal

without prejudice of pending charges is not a favorable disposition of criminal proceedings under

South Carolina law sufficient to sustain a claim of malicious prosecution. *See McKenney v. Jack

Eckerd Co.*, 402 S.E.2d 887, 888 (S.C.1991) (proceedings must terminate "under circumstances

which imply or are consistent with innocence of the accused . . . .").

Accordingly, Defendant is entitled to summary judgment on Plaintiff's Fourth Amendment

claim, and it is dismissed with prejudice.

## C. STATE LAW CLAIMS

It is this court's customary practice to decline to exercise supplemental jurisdiction over state

law claims when the federal claims are dismissed in advance of trial. 28 U.S.C. § 1367; *United Mine

Workers v. Gibbs*, 383 U.S. 715 (1966). As the Fourth Circuit explained in *Taylor v. Waters*, 81

F.3d 429, 437 (4th Cir. 1996), the decision to decline the exercise of supplemental jurisdiction after

dismissal of the original jurisdiction claim will "hinge on the moment within the litigation when the

dismissal of the touchstone claim takes place . . . ." (*quoting* 28 U.S.C. § 1367, practice commentary

(West 1993)). Where the original jurisdiction claim is dismissed before trial, the state claims should

be dismissed as well. *Gibbs*, 383 U.S. at 717; *Taylor*, 81 F.3d at 437. The court notes that 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any [state law claim asserted under 1367(a)] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The constitutionality of this statute was upheld in *Jinks v. Richland County*, 538 U.S. 456 (2003).

Accordingly, the court declines to exercise jurisdiction over Plaintiff's state law claims and they are dismissed without prejudice.

## V. CONCLUSION

Plaintiff's federal claims are dismissed with prejudice. The court declines to exercise supplemental jurisdiction and, accordingly, Plaintiff's state law claims are dismissed without prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 20, 2012

10